785 F.2d 307
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BILLY JOE DAY, Petitioner-Appellant,
v.
WILLIAM C. SEABOLD, WARDEN, Respondent-Appellee.
 85-5537
 United States Court of Appeals, Sixth Circuit.
 1/17/86
 
 Before: ENGEL and MILBURN, Circuit Judges; and WOODS, District Judge.*
 PER CURIAM.
 
 
 1
 Billy Joe Day appeals the order entered in the United States District Court for the Eastern District of Kentucky denying his petition for habeas corpus brought pursuant to 28 U.S.C. Sec. 2254. Mr. Day was convicted of murder under Ky. Rev. Stat. Sec. 507.020 and sentenced to life imprisonment. His conviction was upheld by the Kentucky Supreme Court. On March 5, 1985, Mr. Day filed a petition for writ of habeas corpus. A Magistrate's Report and Recommendation was filed on May 3, 1985 recommending that the petition be denied. On May 24, 1985, Judge G. Wix Unthank adopted the Magistrate's recommendation and denied the petition.
 
 
 2
 Mr. Day was convicted for the murder of his ex-wife's fiance on November 5, 1982. He argues that the district court erred in denying his petition on three bases.
 
 
 3
 Day's first argument is that the district court erroneously rejected his claim that there was insufficient evidence to support a jury conviction for murder under Ky. Rev. Stat. Sec. 507.030. There is no dispute that Day is culpable for the killing of Bobby Wayne Benton. Day argues that under section 507.030, the prosecution failed to show that he was not acting 'under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse,' which he contends is an element of the murder offense.
 
 
 4
 He also alleges that he was denied a fair trial and due process as a result of the trial court allowing privately retained counsel to actively conduct his prosecution. While noting that this court has approved of this procedure in Kentucky, see Stumbo v. Seabold, 704 F.2d 910 (6th Cir. 1983), Day urges the court to modify its position regarding prosecution by private attorneys.
 
 
 5
 Finally, Mr. Day alleges that he was denied a fair trial due to impermissibly inflammatory statements made by the prosecuting attorney during his closing remarks.
 
 
 6
 Upon a review of the record, we agree with the district court that Day's argument that the evidence was insufficient to support a jury conviction for murder is not meritorious. The evidence on the issue of extreme emotional disturbance, while supported by the testimony of an expert, was countered in turn by evidence of Day's predisposition to commit the crime as is evidenced by a conversation with his daughter earlier the same day. Likewise, while it is plain Day had been intoxicated, we are unable to hold that as a matter of law a jury could not have rationally found that at the time of the actual shooting he was so inebriated that he lacked any conscious reason to cause death. The petitioner's complaint that his rights to due process were deprived when privately retained counsel conducted his prosecution must likewise fail. This is particularly true where there was present at all times during the trial a regularly qualified state prosecutor. Such procedure has been approved in this circuit in Stumbo, supra, and while Day's counsel has urged us to modify that view, we note that it has again been considered and upheld where control was retained by the public prosecutor over the conduct of the trial. See Polo Fashions, Inc. v. Stock Buyers International, Inc., 760 F.2d 698, 704 (6th Cir. 1985).
 
 
 7
 Finally, while we are unable to approve of some of the closing argument of counsel for the State, we agree with the magistrate that the statements objected to were not so egregious in content nor extensive in use as to substantially impair the petitioner's right to a constitutionally fair trial. Webster v. Rees, 729 F.2d 1098 (6th Cir. 1984). We find no merit in any of the other allegations advanced by petitioner.
 
 
 8
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable George E. Woods, United States District Court for the Eastern District of Michigan, sitting by designation